UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KALIN KING and VERONICA KING, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 11-cv-1290 |
| | ) |
| JAMES MOORE d/b/a NORTH MEADOW VILLAGE MOBILE HOME PARK and HILLTOP MOBILE HOME SALES, | ) |
| | ) |
| Defendant. | ) |

# O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiffs' October 4, 2011 Motion to Stay the proceedings in this matter until October 31, 2011, and to grant them until November 14, 2011 to respond to Defendant's August 5, 2011 removal of this matter from the McLean County Circuit Court. (Doc. 7). Defendant responded to Plaintiffs' Motion to Stay on October 4, 2011. (Doc. 8). For the reasons stated below, Plaintiffs' Motion is granted in part and denied in part; this matter is stayed until October 31, 2011.

Defendant removed this action for breach of contract, breach of implied warranty of merchantability, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act to this Court on August 5, 2011. The basis for removal is this Court's diversity jurisdiction under 28 U.S.C. § 1332, alleging that Plaintiffs are citizens of Illinois, while Defendant and his wife, the only general partners of two general partnerships doing business as North Meadow Village

Mobile Home Park and Hilltop Mobile Home Sales, are citizens of Texas, and that the amount in controversy in this action exceeds $75,000. (Doc. 1). Also on August 5, 2011, Defendant filed a Motion to Dismiss three of the four counts of Plaintiffs' Complaint. (Doc. 3). Plaintiffs' Response to this Motion to Dismiss was due August 22, 2011, but Plaintiffs failed to appear or file anything in this action until September 29, 2011, when Plaintiffs filed a Motion to Stay, which was stricken by the Court on September 30, 2011 for lack of a proper signature by counsel. (Doc. 6; 9/30/2011 Text Only Order).[1] Plaintiffs filed a new Motion to Stay on October 4, 2011, and Defendant responded to it on October 4, 2011. (Docs. 7 & 8).

In their Motion to Stay, Plaintiffs assert that they need time to find co-counsel who is more familiar with federal practice, and that they intend to file a response to Defendant's Notice of Removal. (Doc. 7). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," but in determining whether to grant a stay, the Court must consider "a weighing of competing interests and the maintenance of an even balance." *Radio Corporation of America v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1955) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Here, Plaintiffs do not even bother to explain to the Court why they waited until almost two months had passed from the Notice of Removal to begin their search for additional counsel. However, in its

---

[1] The original Motion to Stay, in addition to being unsigned, requested that the case be stayed until September 30, 2011, a mere one day after it was filed, and that Plaintiffs be given until September 23, 2011, *six days prior* to the Motion's filing, to respond to the Notice of Remand. (Doc. 6).

Response to Plaintiffs' Motion, Defendant indicates that it has no objection to Plaintiffs' requested stay, and so it will be granted. (Doc. 8 at 2). This matter will be stayed until October 31, 2011 to allow Plaintiffs time to find additional counsel.

Plaintiffs also requests additional time in which to respond to the Notice of Removal. (Doc. 7 at 2). The Court assumes that Plaintiffs' response to the Notice of Removal would be a Motion to Remand the case to state court. As Defendant points out, Plaintiffs are well beyond the time to move for remand, which ran out on September 6, 2011, other than to file a motion contesting this Court's subject-matter jurisdiction. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"). *See also Pettitt v. Boeing Co.*, 606 F.3d 340, 342-43 (7th Cir. 2010) (district court lacks power to remand after 30 days for any reason other than lack of subject-matter jurisdiction).[2] No extension of time is necessary to allow Plaintiffs to move for remand based on a lack of subject-matter jurisdiction; such a motion can be made at any time before entry of final judgment. 28 U.S.C. § 1447(c). Therefore, Plaintiffs' request for an extension of time is denied.

---

[2] Moreover, Plaintiffs' untimely request for an extension of time to respond is improper, both under the Federal Rules of Civil Procedure and this Court's Local Rules. Under Federal Rule of Civil Procedure 6(b), a party seeking an extension of time after the original time period has lapsed must show both good cause for the extension and that excusable neglect was the cause of their failure to timely file. This Court's Local Rule 6.1 likewise provides that "[motions for extension of time] filed out of time will be denied, unless the presiding judge determines that such denial would create a substantial injustice," and "[a]ll such motions must state whether opposing counsel has objection to the motion," which Plaintiffs have failed to do.

3

It appears that what has really happened here is that Plaintiffs' counsel failed to notice the Notice of Removal and Motion to Dismiss filed by Defendant on August 5, 2011, and is now attempting to save his case. The Court could have dismissed three of Plaintiffs' four counts at any time on or after August 23, 2011, as they failed utterly to respond to Defendant's Motion to Dismiss, and Plaintiffs completely ignore this fact, choosing instead to focus on the Notice of Remand. The Court might be inclined to allow Plaintiffs additional time to respond to the Motion to Dismiss, but the time to respond has already lapsed, and Federal Rule of Civil Procedure 6(b) provides that the Court may only act after the time has passed if the party moves for an extension due to excusable neglect, which Plaintiffs have not done. Since, with Defendant's consent, this matter will now be stayed until October 31, 2011, the Court will not at this time rule on the Motion to Dismiss.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Stay and for Extension of Time (Doc. 7) is GRANTED IN PART AND DENIED IN PART. This matter is STAYED until October 31, 2011.

Entered this <u>6th</u> day of October, 2011.

                                                      s/ Joe B. McDade
                                                   JOE BILLY McDADE
                                     United States Senior District Judge